

**Tagged for Publication**

**ORDERED in the Southern District of Florida on May 27, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re**:

      Joseph A **Franchi &** Linda A **Malone**,

          Debtors.
_____/

Case No. 10-40645-BKC- JKO

Chapter 7

**In re**:

      Donald & Barbara **Weinstein**,

          Debtors.
_____/

Case No. 11-16601-BKC- JKO

Chapter 13

**In re**:

      James D. **Gillard**,

          Debtor.
_____/

Case No. 08-28885-BKC- JKO

Chapter 13

**<u>Memorandum Opinion & Order</u>**

      These cases present the issue of whether service upon an unnamed corporate officer satisfies

Fed. R. Bankr. P. 9014, incorporating Rules 7004(b)(3) and 7004(h).  As a general rule, it does not.

This court published an order in 2008 which held that specific individuals must be named because "nationwide service of process by first class mail is a rare privilege . . . not to be taken lightly."[1]  The court explained that:

> . . . limiting the service requirements to first class mail underscores the importance that the defendant receives service by this method; and, that a plaintiff must make reasonable effort to ensure a defendant's receipt. Effort to determine the proper name of a corporate officer or manager is not altogether onerous with the aid of the personal computer and the world wide web; not to mention the availability of the name of a registered agent and principal officers filed with the incorporating state's Secretary of State or similar officer.[2]

*Carlo* carved a very limited exception to the general rule requiring the naming of specific individuals, and did so because the plaintiff made a showing of diligent inquiry and effort such that service was deemed effected.[3]  The plaintiff had served the defendant at an address furnished by the defendant only three months before the adversary complaint was filed, the telephone number provided by the defendant in that correspondence was disconnected, and the defendant corporation did not appear in Indiana, Delaware, or Florida state records.[4]  After carving this narrow exception, the court reiterated its finding that "7004(b)(3) requires a plaintiff [to] adhere to a standard of reasonable and appropriate diligence in ascertaining the individual names of the corporate officer, manager or general agent."[5]

---

[1] *Carlo v. Orion Omniservices Co. (In re Carlo)*, 392 B.R. 920, 921 (Bankr. S.D. Fla. 2008) (Olson, J.) (quoting *In re Schoon*, 153 B.R. 48 (Bankr. N.D. Cal. 1993)).

[2] *Id.* at 922.

[3] *Id.*

[4] *Id.*

[5] *Id.*; *see also GMAC Mortgage Corp. v. Salisbury (In re Loloee)*, 241 B.R. 655, 660 (B.A.P. 9th Cir. 1999) ("Nor was service accomplished in accordance with Rule 9014, which requires that service be in the manner for service of a summons and complaint in an adversary proceeding. When such service is done by mail on a corporation, addressing the mail to nobody in particular at the corporation does not satisfy the requirement of mailing a copy to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Fed.R.Bankr.P. 7004(b)(3)").

Fed. R. Civ. P. 9014 provides that contested matters "not otherwise governed by these rules" require service of process pursuant to Rule 7004. Accordingly, as a general rule, motions to value, etc. which seek relief against a corporation, partnership, or unincorporated association may not be served upon an unnamed officer, director, or agent, and the movant is required to "adhere to a standard of reasonable and appropriate diligence in ascertaining the individual names."[6] Absent a showing of "reasonable and appropriate diligence" in the context of difficult facts like those in *Carlo*, service under Rule 7004(b)(3) is not effected by serving an unnamed title or using language such as "any other officer or agent entitled to receive service." This view comports with the majority conservative interpretation of 7004(b)(3) while allowing for reasonable exceptions where facts warrant.

Further, this court agrees with Bankruptcy Judge Bonapfel that service upon insured depository institutions under Rule 7004(h) follows the same logic as that underlying Rule 7004(b)(3):

> Although service in this case is on a bank pursuant to Rule 7004(h), and not a corporation under Rule 7004(b)(3), the issue is the same. Is Debtors' service of the motion by certified mail upon AmTrust Bank to the attention of "President" adequate service? The Court finds such service is inadequate. The purpose of Rule 7004's requirement of service upon an officer is to insure that the entity, whether a corporation or a bank, is put on notice that it is subject to suit. As the Schoon court observed, the requirement that a movant name a specific individual for service is not burdensome, but "merely requires a little extra effort to determine the name of the president or other officer and make sure the envelope is addressed to him or her, by name. This is a small price to pay to avoid having to effect personal service." *Schoon*, 153 B.R. at 49.[7]

Accordingly, absent a showing of "reasonable and appropriate diligence" in the context of difficult facts like those in *Carlo*, service under Rule 7004(h) is not effected by serving an unnamed title or

---

[6] *See id.*

[7] *Faulknor v. AmTrust Bank (In re Faulknor)*, 2005 Bankr. LEXIS 60 (Bankr. N.D. Ga. Jan. 14, 2005).

using language such as "any other officer or agent entitled to receive service." Service under Rule 7004(h) must be upon a named officer of the institution unless one of the three enumerated exceptions in that rule apply.[8]

Finally, this court finds that service of an objection to claim may be made upon a corporation, partnership, unincorporated association, or insured depository institution by mailing the objection to the exact address specified in the proof of claim – without the need to independently name a specific individual not listed on that proof of claim. This is because claims objections are contested matters excepted from Rule 9014 as "otherwise governed by these rules" (specifically Rule 3007). As stated by Bankruptcy Judge Drake:

> The reasoning of *In re Hawthorne*, 326 B.R. 1 (Bankr. D. Colo. 2005), is more persuasive. Courts routinely recognize that the filing of a proof of claim is analogous to the filing of a complaint and that, by doing so, a creditor submits itself to the jurisdiction of the court, at least with regard to the adjudication of its claim. If the creditor has voluntarily submitted itself to the jurisdiction of the court by filing a proof of claim, there is no need to be concerned that the failure to perfect service of process in accordance with Rule 7004(b)(3) has left the court without personal jurisdiction over the creditor for purposes of resolving the creditor's claim. Further, the specific language of Rule 9014 exempts an objection to claim from the requirement of service in accordance with Rule 7004. Rule 9014(a) states that "in a contested matter in a case under the Code *not otherwise governed by these rules*, relief shall be requested by motion . . .," and Rule 9014(b) provides that a "*motion* shall be served in the manner provided for service of a summons and complaint by Rule 7004." FED. R. BANKR. P. 9014 (emphasis added). A claim objection is otherwise governed by Rule 3007 and is also not relief requested by motion. Accordingly, by its own terms, Rule 9014 does not apply to claim objections. *See In re Hawthorne*, 326 B.R. 1 (Bankr. D. Colo. 2005); *In re Anderson*, 330 B.R. 180 (Bankr. S.D. Tex. 2003).[9]

---

[8] *Id.*; *In re Nowling*, 279 B.R. 607 (Bankr. S.D. Fla. 2002) (Ray, J.) (" . . . notice was ineffective under Bankruptcy Rule 7004 as it was not served upon an officer of Bank of America, N.A. nor was it made by certified mail"); *Hamlett v. Amsouth Bank (In re Hamlett)*, 322 F.3d 342, 347 (4th Cir. 2003) ("Rule 7004(h) clearly requires service on an "officer" of an insured depository institution, and we see no basis for concluding that a registered agent should be treated as an "officer" of the institution under the Rule"); *see also In re Earwood*, 2007 Bankr. LEXIS 976, at *5 (Bankr. N.D. Ga. Feb. 5, 2007).

[9] *In re Cagle*, 2008 Bankr. LEXIS 2094 (Bankr. N.D. Ga. June 2, 2008).

In the three cases before this court, service was ineffective.  In the above-styled Franchi & Malone case, the Debtors served their negative notice Motion to Avoid Lien by certified and regular mail upon:

Transplatinum Service Corp. d/b/a Fleetone
c/o Any Officer Authorized To Accept Service
5042 Linbar Drive
Nashville, TN 37211-8200

It is true that the Certificate of No Response filed three weeks later was served upon a named officer, but service of the original motion did not comply with the requirements of Rule 9014 incorporating Rule 7004(b)(3).  The Debtors' Motion to Avoid Lien at **ECF No. 49** in Case No. **10-40645** is accordingly **DENIED**.

In the above-styled Weinstein case, the Debtors served their Motion to Value and Notice of Hearing via certified mail upon:

Bank of America, N.A.
Pres or Authorized Agent to Accept Service
100 N. Tryon Street
Charlotte, NC 28255

Service did not comply with the requirements of Rule 9014 incorporating Rule 7004(h), and the Debtors' Motion to Value at **ECF No. 17** in Case No. **11-16601** is accordingly **DENIED**.

In the above-styled Gillard case, the standing Chapter 13 Trustee served her Objection to Claim No. 10 upon:

SALLIE MAE GUARENTEE [sic] SERVICES
PO BOX 7167
INDIANAPOLIS, IN 46206

and

CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD
PLANTATION, FL 33324

However, Claim No. 10-1 explicitly requests that notices be sent to:

Sallie Mae Inc. on behalf of USAF
Attn: Bankruptcy Litigation Unit E3149
P.O. Box 9430
Wilkes-Barre, PA 18773-9430

For the claim objection to have been a contested matter excepted from Rule 9014's requirement of service pursuant to Rule 7004, service must have been made upon the address specified for notices in the proof of claim.[10]  An attempt to effect service upon an address other than the noticing address specified by the claimant requires service under Rule 9014 incorporating Rule 7004 because to require otherwise would invite abuse.[11]  The Trustee would not have been required to investigate and name an individual officer or agent for service, but only if the addresses had matched exactly. The order at **ECF No. 38** which sustained the Trustee's Objection to Claim No. 10 in Case No. **08-28885** was inadvertently entered, is accordingly **VACATED**, and the Trustee's claim objection at **ECF No. 34** in Case No. **08-28885** is **OVERRULED**.

**SO ORDERED**.

# # #

*The Clerk is directed to provide notice of this order to all registered interested parties, including the entire creditor body.*

---

[10]  *See generally Cagle*, 2008 Bankr. LEXIS 2094; *In re Hawthorne*, 326 B.R. 1 (Bankr. D. Colo. 2005); *In re Anderson*, 330 B.R. 180 (Bankr. S.D. Tex. 2003).

[11]  *See Carlo*, 392 B.R. at 922 ("[N]ationwide service of process by first class mail is a rare privilege . . . not to be taken lightly . . . [L]imiting the service requirements to first class mail underscores the importance that the defendant receives service by this method [and that] a plaintiff must make reasonable effort to ensure a defendant's receipt").